No. 2014-1414

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ESCORT, INC. and BELTRONICS USA, INC.
Plaintiffs-Appellants

v.

HOYT A. FLEMNG III and PARK, VAUGHAN, FLEMING & DOWLER, LLP
Defendants-Appellees

Appeal from the United States District Court for the
District of Idaho in No. 1:12-cv-00064, Chief Judge B. Lynn Winmill

**APPELLEES' MOTION FOR ATTRONEY FEES
PURSUANT TO FED. R. APP. P. 38**

Michael S. Dowler
Park Vaughan Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540

Counsel for Defendants-Appellees Hoyt A.
Fleming III and Park, Vaughan, Fleming &
Dowler, LLP

## STATEMENT PURSUANT TO RULE 27(A)(5)

Appellees' counsel has discussed this motion with appellants' counsel. Appellants' counsel indicated that appellants will oppose the motion.

## SUMMARY

Litigation between the parties has been on-going since Mr. Fleming first filed a patent infringement suit against appellants in 2009. During that timeframe, the district court sanctioned appellants (collectively "Escort") on nineteen occasions for their repeatedly "vexatious" litigation efforts. To date, the district court has imposed and Escort has acknowledged liability for $361,193.35 in attorney fees attributable to its vexatious litigation conduct.

This appeal constitutes Escort's latest abuse of the judicial process. Escort filed the underlying case in retaliation against Mr. Fleming's separate, then-pending (and ultimately successful) patent infringement suit against Escort. Escort's retaliatory case, however, failed like its nineteen other attempts to overwhelm Mr. Fleming with frivolous litigation efforts because the district court dismissed the case for failure to state a claim.

Undeterred, Escort appealed the dismissal, arguing the district court erred when holding that the Idaho litigation privilege immunized the alleged wrongdoing. At oral argument, however, Escort's counsel admitted—in response to panel questions—that the Idaho litigation privilege did in fact bar Escort's case.

When Mr. Fleming's counsel identified Escort's admission and noted the absence of any need for rebuttal, the Court agreed, responding "I heard the same thing from [Escort] as you did".

Mr. Fleming does not dispute Escort's right to a legitimate appeal, but that is not what happened here. Mr. Fleming and his counsel were forced to spend many hours and incur the loss of thousands of dollars litigating the applicability of the Idaho litigation privilege. For Escort to appear at oral argument and "admit away" its entire case shows the appeal was frivolous and was brought only as Escort's latest effort to win, not based on meritorious legal positions, but by flexing its corporate mite to so bludgeon Mr. Fleming, an individual inventor, with costs and expenses that he will be forced to surrender. Since Escort's scheme must be discouraged and so Mr. Fleming's consequential loss is remedied, Mr. Fleming respectfully requests an award of his fees.

## FACTUAL BACKGROUND

Mr. Fleming and Escort have been in litigation since 2009 when Mr. Fleming first sued Escort for patent infringement. (ER 5; SER 24, 191-196.)[1] The parties' first case was tried to a jury, which found all of Mr. Fleming's asserted patent claims infringed and awarded $750,000 in damages. After trial, the district

---

[1] The Ninth Circuit transferred this appeal to this Court. The Court then allowed the parties to simply re-file their Ninth Circuit briefs. Thus, the evidentiary citations take the form of those used by the Ninth Circuit.

court awarded Mr. Fleming $125,424.85 in attorney fees due to Escort's

"vexatious" litigation conduct.  Specifically, the court held as follows:

> In the present case, there is clear and convincing evidence that Escort's counsel pursued a strategy in this litigation that vexatiously increased the fees incurred by Fleming.  There were numerous discovery disputes caused by Escort's meritless refusals to turn over discoverable information.  Escort forced further litigation over its unsuccessful attempt to add 286 new patent invalidity contentions over 18 months after the deadline for those to be exchanged.  On another occasion, Escort vehemently objected to turning over sensitive trade secrets in discovery only to later allow those same "secrets" to be publically disclosed at trial.
>
> This is just a small sample of Escort's vexatious conduct.

(*Fleming v. Escort Inc., et al.,* Case No. 1:09-cv-105-BLW, Order at Dkt. No. 376,

pp. 3-4 (D. Idaho) (attached as Exh. 1); *see also id.* at pp. 15-17 (sanctioning

Escort for willfully violating a court order); *id*. at Dkt. No. 416, Order, p. 2

(attached as Exh. 2).)

Escort's vexatious litigation conduct did not end with the parties' first case

or in response to the district court's sanctions.  There is a second, pending case

between the parties.  In that case, the district court recently sanctioned Escort by

awarding Mr. Fleming more attorney fees.  This time, the court found that Escort

knowingly advanced false evidence and engaged in a pattern of abuse in

connection with 17 briefs Mr. Fleming was forced to file in response to Escort's

litigation misconduct.  Specifically, the court held as follows:

> In this case, Escort's counsel represented that ESC17363 operated

Escort's accused devices knowing that ESC17363 did not operate any accused device. This false representation was beyond reckless and was made in bad faith because Escort's counsel knew it was not true. The Court will therefore award attorney fees as sanctions under both § 1927 and the Court's inherent power.

\* \* \* \* \* \* \* \* \*

Despite the Court's ruling granting the motion for sanctions only in part and denying the motion for an order to show cause, Fleming filed both motions in a reasonable attempt to hold Escort to account for the misleading way it produced ESC17363. Thus, Escort's vexatious conduct caused Fleming and this Court to waste time resolving these matters. Accordingly, the Court will direct Fleming's counsel to provide a petition for the fees and costs he incurred in filing the following [17 briefs].

(*Fleming v. Escort Inc., et al.,* Case No. 1:09-cv-0066-BLW, Order at Dkt. No. 178, pp. 10-11 (D. Idaho) (attached as Exh. 3). Mr. Fleming subsequently filed his fee petition. While Escort disputes the full range of Mr. Fleming's fees, it does not dispute that Mr. Fleming is owed at least $235,768.50. (*Id.* at Dkt. No. 189 (attached as Exh. 4).)

In the parties' case underlying the present appeal, Escort sued Mr. Fleming and his counsel for notifying Escort's customers (as required by 35 U.S.C. § 287) of the district court's summary order (in the parties' first case) finding that Escort's products were infringing. Mr. Fleming responded by filing a motion to dismiss Escort's complaint on the basis that he and his counsel were immune from suit under the Idaho litigation privilege. (SER 23-43.) *See Taylor v. McNichols,* 149 Idaho 826, 243 P.3d 642, 652 (Idaho 2010). Finding no merit to any of Escort's

allegations, the district court granted Mr. Fleming's motion and dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6).  (ER 5-20.)  This Court recently affirmed that dismissal pursuant to Fed. Cir. R. 36.

## **ESCORT ADMITS ITS APPEAL WAS FRIVILOUS**

Escort's appeal was frivolous and constituted nothing more than a continuation of its prior vexatious attempts to win based, not on the merits of its legal positions, but on a war of attrition it believes Mr. Fleming, an individual inventor, cannot survive.

The only issue on appeal was whether the district court correctly applied the Idaho litigation privilege when dismissing Escort's complaint.  Mr. Fleming and his counsel spent many hours and sustained thousands of dollars in losses attending to Escort's appeal.  And yet, at oral argument Escort's counsel admitted—in response to panel questions—that the Idaho litigation privilege did in fact bar Escort's case.

Specifically, the following exchange took place between the panel and Escort's counsel:

> The Court:  Can I just – can I ask – I take it from your starting with and so far focusing only on an argument about inconsistency with federal policy that you are not disputing that as a matter of Idaho law, the interpretation of its litigation privilege would all by itself support the result that's on appeal here.

> Mr. Schatz (for Escort): Yeah, we're not objecting to that. If interpreted as the district court did, the state litigation privilege immunizes bad faith conduct. It does, the way it's interpreted.

(Exh. 5, Oral Argument Transcript at p. 7.) The panel then confirmed Escort had conceded the illegitimacy of its appeal, as shown by the following subsequent exchange between the panel and Mr. Fleming's counsel:

> Mr. Dowler (for Appellees): I was going to address some of the issues about the arguments that were made in Escort's brief about whether or not the Idaho litigation privilege covers the circumstances of this case and you know they've argued that it didn't, but then I heard Mr. Schatz concede, I think, that in fact under these facts, the Idaho litigation privilege does cover the situation and it's only an issue of whether or not the law is preempted, and so I don't think that I'm going to go into all of their various arguments unless you think that they would be helpful as to whether or not the Idaho litigation privilege doesn't apply as suggested in their brief.

> The Court: I heard the same thing from Mr. Schatz as you did.

(*Id*. at pp. 15-16.) Thus, despite acknowledging during oral argument that the Idaho litigation privilege applies to the facts of this case, Escort drug Mr. Fleming (and this Court) through the very expensive exercise of briefing, preparing, and arguing the exact issue Escort now concedes.

The only other appeal issue Escort raised is whether federal law preempts the Idaho litigation privilege. But, that issue also was frivolous since it (1) was not raised at the district court, (2) was expressly rejected by another court that Escort refused to even acknowledge, and (3) was characterized by this Court's panel (during oral argument) as having "big problems", to which Escort's counsel

responded "I don't disagree with that your honor".  Each issue is addressed in

order below.

First, this Court is not a court of first impression and, as such, Escort's

failure to raise the issue of preemption to the district court renders that issue

inapplicable on appeal.  *Golden Bridge Tech., Inc. v. Nokia, Inc.,* 527 F.3d 1318,

1321-23 (Fed. Cir. 2007).  Escort's argument that it raised preemption to the

district court is easily proven false by reference to its district court briefing, which

shows Escort never raised the issue.  (SER 1-22.)

Second, the issue of whether federal law preempts a state's litigation

privilege in the context of a notice of infringement letter is not obscure.  Indeed,

the District of New Jersey expressly rejected Escort's argument in identical

circumstances, holding as follows:

> There is no such conflict [between federal patent law and the litigation
> privilege] in this case…[P]atent holders have an undisputed right to
> notify the trade that their patent rights are being infringed and that
> they intend to protect those rights. [Citations omitted.]  Indeed, notice
> is even a perquisite to obtaining damages for patent infringement. *See*
> 35 U.S.C. § 287 (1994).  This is the federal interest the Federal Circuit
> sought to protect in *Mikohn Gaming Corp.*  Far from emasculating the
> protections afforded patent holders, the application of New Jersey's
> "absolute litigation privilege" only serves this interest, for even a
> showing of bad faith by a state tort law claimant will not subject a
> notice-giver to liability under the privilege.  If anything, New Jersey's
> litigation privilege enhances patent-holder rights.

*Waterloov Gutter Protection v. Absolute Gutter,* 64 F.Supp.2d 398, 413-414

(D.N.J. 2009).  Mr. Fleming's appeal brief cited *Waterloov* and recited the exact

quote provided above (Opp. Br. at pp. 28-29), and yet Escort's reply brief conspicuously never even mentioned the case, much less sought to distinguish it. Certainly if Escort's preemption argument was not frivolous, Escort would have at least attempted to distinguish *Waterloov*.[2]

Finally, as shown by the exchange below between Escort's counsel and this Court's panel at oral argument, Escort acknowledged the frivolity of its preemption argument in response to the panel's expression of "big problems" with Escort's argument.

> Mr. Schatz (for Escort):   But again what you have here is federal patent law saying that this is not an issue for what state law, that's the Micon (sic Mikohn) Gaming case, that the propriety of a patent notice right is not a matter of state law but rather national uniformity requires that the propriety of a patent notice is determined solely by federal precedent and "is not a matter of state tort law [inaudible]".  That's the Micon (sic Mikohn) Gaming case.  Then there are others that speak to the same thing when these Federal Circuit cases say that notices about one's patent rights must be made in good faith.  So what you have is a state Idaho litigation privilege that immunizes the very conduct that is not provided for under Federal --
>
> The Court:  "Not provided for."  I mean it seems to be that's the verb that is hard to find for your argument.  It is – what it is that it immunizes that patent law protects.  Or gives the right with respects to.  That seems to me to be the big problem with your argument.
>
> Mr. Schatz (for Escort):  It's a good point and because there is no federal law that you can have a cause of action on.

---

[2] Note also that the District of New Jersey specifically addressed the *Mikohn Gaming* case, which is the case Escort primarily relies on for its preemption argument.

The Court:  Right.

Mr. Schatz (for Escort):  But that federal law does provide insight as to the merits of the state law claim.  For example, tortuous interference with business relationship.

The Court:  It won't allow the state law to invade an area that the patent law provides a defense to.

Mr. Schatz (for Escort):  Precisely.

The Court:  To put that in short.  But that's quite different from the flip side it seems to me of saying that it refuses to allow the State to protect certain kinds of conduct.

Mr. Schatz (for Escort):  And I don't disagree with that your honor.

The Court:  But if you don't disagree with that, it's hard to see how you can win this case.

(Exh. 5, Oral Argument Transcript at pp. 7-9.)  Thus, this Court's panel raised the exact issue *Waterloov* addressed when dismissing the same preemption argument as illogical.  While Escort dodged the issue in its briefing, it was unable to do so at oral argument.  And when it was forced to actually address the issue in response to the panel's questions, it folded like a paper tiger and admitted its argument was frivolous (conceding, "I don't disagree with that your honor").

## **THIS COURT VIGOROUSLY ENFORCES RULE 38**

As the Practice Notes to this Court's Rule 38 provide, "[t]he court's early decision in *Asberry v. United States,* 692 F.2d 1378 (Fed. Cir. 1982), established the policy of enforcing this rule vigorously.  Since then, many precedential

opinions have included sanctions under the rule.  Damages, double costs, and attorney fees, singly or in varying combinations, have been imposed on counsel, parties, and pro se petitioners for pursing frivolous appeals."

As shown above, Escort's appeal was frivolous.  If that was not apparent from the briefing itself, Escort's counsel admitted it during oral argument.  As such, Escort should be ordered to account for its frivolous actions as this Court held in *Asberry* and its progeny.  Indeed, as the Court has recognized, parties simply cannot be allowed—as Escort has in this appeal—to bring frivolous appeals that serve no purpose other than seeking victory by imposing endless legal costs and burden.

## THE FEES THAT SHOULD BE AWARDED

Counsel for Mr. Fleming spent 87.43 hours on Escort's appeal.  (Exh. 6.) Counsel's standard billing rate is $495 per hour.  (Dowler Decl. at ¶ 9.)  Escort has acknowledged that counsel's rate is reasonable in the context of the district court's fee awards.  (*Id*. at ¶ 11.)  Accordingly, the fees that should be awarded are $43,277.85 (87.43 x 495).


December 5, 2014                    Respectfully Submitted

                                   /s/  Michael S. Dowler
                                   Michael S. Dowler
                                   Park Vaughan Fleming & Dowler, LLP
                                   5847 San Felipe, Suite 1700

Houston, TX 77057
Telephone: 713-821-1540

**FORM 9.  Certificate of Interest**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Escort, Inc., et al.    v.    Hoyt Fleming, III, et al.

No. 14-1414

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

appellees _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.    The full name of every party or amicus represented by me is:

Hoyt Fleming, III and Park, Vaughan, Fleming & Dowler LLP

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Hoyt Fleming, III and Park, Vaughan, Fleming & Dowler LLP

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None.

4. ☑  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Park, Vaughan, Fleming & Dowler LLP
Michael S. Dowler

April 29, 2014
_____
Date

/s/
_____
Signature of counsel
Michael S. Dowler
_____
Printed name of counsel

Please Note: All questions must be answered
cc: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of December 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit, using the appellate CM/ECF system, which sent a Notice of Electronic Filing to the following persons.  To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

Brett A. Schatz
Gregory F. Ahrens
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
2700 Carew Tower
Cincinnati, OH 45202
bschatz@whepatent.com
gahrens@whepatent.com

/s/  Michael S. Dowler
Michael S. Dowler

Park Vaughan Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
Telephone: 713-821-1540